AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

FILED
Aug 10, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

United States of America
v.
NICHOLAS B. KNUTSON

*Defendant(s)*

Case No. 1:26-mj-00097-FJS

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 8, 2026 in the county of Tulare in the Eastern District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 36 C.F.R. § 1.6(g)(1) | Engaging in permit activity without a permit |
| 36 C.F.R. § 5.3 | Engaging in business without a permit |

Penalties:
(a) Imprisonment - Maximum: Six (6) months; or
(b) Fine - Maximum: Five Thousand Dollars ($5,000), or
(c) Both Fine and Imprisonment
(d) Penalty Assessment – Mandatory: Ten Dollars($10)

This criminal complaint is based on these facts:

See Affidavit of Ranger Ryan M. Cloutier, attached hereto and incorporated herein.

☑ Continued on the attached sheet.

*Complainant's signature*

Ryan M. Cloutier, U.S. Park Ranger
*Printed name and title*

This Affidavit was submitted to me by email/pdf and attested to me as true and accurate by telephone, consistent with Fed. R. Crim. P. 4.1, and 41(d)(3).

Date: August 9, 2026

*Judge's signature*

City and state: Fresno, CA

Hon. Frank J. Singer, U.S. Magistrate Judge
*Printed name and title*

ERIC GRANT
Acting United States Attorney
BRENDAN D. DALY
Assistant United States Attorney
MISDEMEANOR UNIT
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America<br>Plaintiff,<br><br>v.<br><br>Nicholas Knutson<br>Defendant. | CASE NO.<br><br>AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT |

I, Ryan M. Cloutier, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I am a "law enforcement officer (LEO)" of the United States within the meaning of that term contained at 18 U.S.C. § 2510(7) who is empowered by law to conduct investigations of, and to initiate arrests for, various offenses that occur on or affect National Park Service ("NPS") lands.

2. I am presently assigned to Sequoia and Kings Canyon National Parks ("SEKI") and have been since April 11, 2021. I am a graduate of the NPS Land Management Police Training Program at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia, which is a seventeen week-long police academy. During this training program I studied various aspects of investigating and enforcing federal and state criminal laws. Subsequent to this academy I successfully completed the NPS Field Training and Evaluation Program, an eleven week-long program designed to provide instruction and evaluate NPS law enforcement officers. I currently serve as an NPS Field Training Officer and Use of Force Instructor, providing training for and evaluating new and experienced NPS law enforcement

officers. I have been a federal law enforcement officer with the NPS for approximately six years.

3. I provide this affidavit based on my experience and training as a National Park Service Ranger in the Eastern District of California, my personal knowledge and observations, and information conveyed to me by others, including National Park Service staff. The information in this affidavit is provided for the limited purpose of establishing probable cause. The information is not a complete statement of all the facts related to the case.

**Jurisdiction**

4. The facts in support of this affidavit occurred within Sequoia National Park. Sequoia National Park is an area of federally owned public land administered by the National Park Service. Sequoia National Park is an area of the special maritime and territorial jurisdiction of the United States as defined by Title 18 U.S.C. § 7 (3): and by Title 16 U.S.C. § 57.

**Probable Cause**

**Count 1: 36 C.F.R. § 1.6(g)(1) - Engaging in permit activity without a permit.**

5. On August 7, 2026, at approximately 11:00 a.m., I was advised by an NPS employee of an individual, later identified as Nicholas KNUTSON (hereinafter "KNUTSON"), conducting mule packing operations in the wilderness of Sequoia National Park without the required backcountry permit. Mule packing operations involve traveling under the power of stock animals for long distances to access backcountry camps. Mule packers deliver food and other supplies to these camps and stay overnight in them before traveling to the next camp. All overnight travel within Sequoia National Park requires a backcountry permit to be obtained by the traveler. KNUTSON stated to the employee that he did not obtain the permit required before accessing the backcountry with the intent to camp. On August 8, 2026, at approximately 11:15 a.m., I contacted KNUTSON near Junction Meadow within Sequoia National Park after he had camped without a permit the previous evening. KNUTSON had traveled approximately 18 miles from the location where the NPS employee had spoken to him the previous day. KNUTSON was in the process of establishing camp for the night in the Junction Meadow camping area when I contacted him. I asked KNUTSON if he had obtained a backcountry permit and he stated that he did not obtain a permit. KNUTSON was previously employed by Sequoia National Park and stated to me that he was familiar with the permit requirements. Based on those facts and my training and

experience, I believe there is probable cause that KNUTSON engaged in a permit activity without a permit in violation of 36 C.F.R. § 1.6(g)(1).

**Count 2: 36 C.F.R. § 5.3 - Engaging in business without a permit.**

6. After being *Mirandized* and speaking to KNUTSON, he stated that he was working for an outfitter company named Golden Trout Pack Station. KNUTSON stated that he was packing in supplies into Sequoia National Park for clients that were on a backpacking trip. After reviewing Sequoia National Park records and later verified by SEKI Concessions Management Specialist, neither KNUTSON, nor Golden Trout Pack Station have authorization to engage in business activities within Sequoia National Park and do not have current commercial use authorization. I contacted the owner of the Golden Trout Pack Station and he stated KNUTSON was employed by him and was conducting packing operations in the location where we located KNUTSON. Based on those facts and my training and experience, I believe there is probable cause that KNUTSON engaged in business without a permit 36 C.F.R § 5.3.

Ryan M. Cloutier, U.S. Park Ranger
Sequoia/Kings Canyon National Park

This Affidavit was submitted to me by email/pdf and attested to me as true and accurate by telephone, consistent with Fed. R. Crim. P. 4.1, and 41(d)(3).

HON. FRANK J. SINGER
United States Magistrate Judge

Reviewed as to form and substance by:
*/s/ Brendan D. Daly*
Brendan D. Daly
Assistant United States Attorney